IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) |
| | ) |
| ITC^Deltacom, Inc., | )     Bankruptcy Case No. 02-11848 (MFW) |
| | ) |
| Debtor. | ) |
| | ) |
| Kelly Beaudin Stapleton, United States Trustee, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | )     C.A. No. 03-111 (GMS) |
| | ) |
| Unofficial Committee of Noteholders, | ) |
| | ) |
| Appellee. | ) |

**MEMORANDUM**

Presently before the court is an appeal of a December 9, 2002 order of the bankruptcy court approving the fees and expenses incurred by the Appellee in connection with the employment of a financial advisor. For the following reasons, the bankruptcy court's order will be affirmed.

The recovery of administrative expenses is governed by a detailed provision of the bankruptcy code, which provides in relevant part:

> (b)     After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
> . . .
>
>     (3)     the actual, necessary expenses, other than compensation and reimbursement specified in paragraph (4) of this subsection, incurred by –
>
> . . .
>
>         (D)     a creditor, an indenture trustee, an equity security holder, or a committee representing creditors or equity security holders other than

> a committee appointed under section 1102 of
> this title, in making a substantial contribution
> in a case under chapter 9 or 11 of this title;

. . .

>    (4)    reasonable compensation for professional services rendered
>           by an attorney or an accountant of an entity whose expense is
>           allowable under subparagraph (A), (B), (C), (D), or (E) of
>           paragraph (3) of this subsection, based on the time, the nature,
>           the extent, and the value of such services, and the cost of
>           comparable services other than in a case under this title, and
>           reimbursement for actual, necessary expenses incurred by
>           such attorney or accountant[.]

11 U.S.C.A. § 503 (2004).  The Appellant reads this statute with reference to the legislative history:

> Compensation and reimbursement awarded officers of the estate under
> section 330 are allowable as administrative expenses.  Actual, necessary expenses,
> *other than compensation of a professional person*, incurred . . . by a creditor,
> indenture, trustee, equity security holder, or committee of creditors or equity security
> holders (other than official committees) that makes a substantial contribution to a
> reorganization . . . case . . . are all allowable administrative expenses.

S. Rep. No. 95-989, at 66 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5852 (emphasis added).

Thus, according to the Appellant, by equating the phrase "other than compensation of a professional

person" found in the legislative history with the phrase "other than compensation and reimbursement

specified in paragraph (4) of this subsection" found in the actual statute, Congress intended to limit

all professional-compensation recovery to those professions specified in subsection (b)(4), *i.e.*,

accountants and attorneys.

In general, "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases

[in which] the literal application of a statute will produce a result demonstrably at odds with the

intentions of its drafters.'"  *United States v. Ron Pair Enters.*, 489 U.S. 235, 242 (1989) (quoting

*Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)).  In this case, although it is arguable

that Congress intended subsection (b)(4) to be interpreted as the Appellant urges, it is also arguable

that the author of the legislative history – which, in the case of the Bankruptcy Reform Act of 1978,

is very long – merely used imprecise language in describing § 503.  Given that unresolved ambiguity,

the court cannot conclude that the bankruptcy court's reading of the statute produces "a result

demonstrably at odds with the intention of [the] drafters."  *Ron Pair*, 489 U.S. at 242.  Moreover,

this court agrees with the court below that § 503 encompasses expenses for financial advisors.

Subsection (b)(3)(D) establishes that "actual" and "necessary" expenses incurred by a committee

"making a substantial contribution" in a Chapter 11 case, are recoverable in general, including

expenses incurred in the employment of a financial advisor.  And, although subsection (b)(4) clearly

imposes a limitation on recovery "for professional services rendered by an attorney or an accountant

of an entity whose expense is allowable under [subsection (b)(3)(D)]," nowhere does it purport to

limit other recoverable expenses.  Therefore, the court holds that the plain meaning of § 503 allows

for recovery of the expenses of financial advisors.


Dated: March 29, 2006                                     /s/ Gregory M. Sleet
                                                          UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:                                     ) | |
| ) | |
| ITC^Deltacom, Inc.,                        ) | Bankruptcy Case No. 02-11848 (MFW) |
| ) | |
| Debtor.                        ) | |
| ) | |
| Kelly Beaudin Stapleton, United States     ) | |
| Trustee,                                    ) | |
| ) | |
| Appellant,                       ) | |
| ) | |
| v.                                          ) | C.A. No. 03-111 (GMS) |
| ) | |
| Unofficial Committee of Noteholders,        ) | |
| ) | |
| Appellee.                       ) | |
| ) | |

## **ORDER**

IT IS HEREBY ORDERED THAT:

The December 9, 2002 order of the bankruptcy court be AFFIRMED.


Dated: March 29, 2006                    /s/ Gregory M. Sleet
                                         UNITED STATES DISTRICT JUDGE